IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUBHUB INC. AND TAKEAWAY.COM CENTRAL CORE B.V., PLAINTIFFS, <br><br> v. <br><br> THE KROGER CO. AND RELISH LABS LLC, DEFENDANTS. | CASE NO.: 1:21-cv-05312 <br><br> JUDGE CHARLES R. NORGLE <br><br> MAGISTRATE JUDGE JEFFREY I. CUMMINGS |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT**

This memorandum supports the concurrently filed motion which seeks to dismiss Plaintiffs' request for a declaration of equitable estoppel and Count Five of Plaintiffs' Complaint under Rule 12(b)(6). Defendants The Kroger Co. ("Kroger") and Relish Labs LLC d/b/a/ Home Chef ("Home Chef," collectively "Defendants") hereby move the Court to dismiss Count V of the Complaint filed by Plaintiffs Grubhub Inc. ("Grubhub") and Takeaway.com Central Core B.V. ("Takeaway," collectively "Plaintiffs"). Plaintiffs' Count Five is titled "Declaration of Equitable Estoppel Prohibiting Enforcement." It seeks to prohibit Defendants from enforcing Defendants' trademark rights against Plaintiffs' use of the following trademark (the "Takeaway Home" mark):



The crux of Plaintiffs' allegation is that Defendants unreasonably delayed enforcing their trademark rights after learning of Plaintiffs' use of the Takeaway Home mark, thereby causing

undue prejudice to Plaintiffs. As the Complaint alleges, however, shortly after Grubhub started rolling out the new branding, Defendants demanded Grubhub stop using the infringing Takeaway Home mark. The time frame from Plaintiffs' alleged brand roll-out in "mid-August 2021" until Defendants' cease and desist letter of September 7, 2021 is just over three weeks. Compare Dkt. 1, ¶ 28 and Ex. A. The Complaint alleges July 29, 2021 as Plaintiffs' first use of the infringing mark. Dkt. 1, ¶ 28. Thus, the <u>maximum</u> time frame from Plaintiffs' first use to Defendants' cease-and-desist notice was 40 days. <u>Id</u>. and Ex. A. Grubhub took two weeks to respond to Defendants' demand. After considering and rejecting Plaintiffs' proposal, Defendants allowed Grubhub an additional two weeks to respond, at which point Plaintiffs filed their Declaratory Judgment Complaint. Dkt. 1. The Complaint necessarily fails to state a claim for *laches*, estoppel and acquiescence against Defendants and Count Five of the Complaint should be dismissed.

## I.  RELEVANT BACKGROUND FACTS

Plaintiffs were well aware of Home Chef's federally registered and asserted trademarks because Takeaway's trademark application to register the Takeaway Home mark was refused by the U.S. Patent and Trademark Office ("USPTO") "based upon Home Chef's existing registrations." Dkt. 1, ¶ 38 and Ex. A.

Despite Home Chef's existing registration and the USPTO's attendant refusal, Grubhub allegedly "premiered its new branding" in Chicago on July 29, 2021 and then "launched its broader roll-out of the updated branding in mid-August 2021" according to the Complaint. Dkt. 1, ¶ 28. Upon learning of the use of the Takeaway Home mark, Defendants' counsel promptly sent a cease-and-desist letter to Grubhub's counsel on September 7, 2021, insisting that Grubhub cease and refrain from using the Takeaway Home mark, and setting a deadline of September 22,

2021 for Grubhub to confirm compliance. Dkt. 1, Ex. A.

On September 15, 2021, Grubhub's counsel sent an email to Defendants' counsel, noting that "we haven't yet had much of an opportunity to explore your client's concerns with our client" and proposing to schedule a time to speak about "reaching an amicable resolution." Dkt. 1, Ex. B. As requested, the parties' counsel had a call on September 22, 2021 to discuss the possibility of reaching an amicable resolution. On September 28, 2021, Defendants rejected Grubhub's proposal, maintaining Defendants' demands that Grubhub cease and refrain from using the Takeaway Home mark, and setting a new deadline of October 6, 2021 for Grubhub to respond confirming Grubhub's agreement to comply. Dkt. 1, Ex. B.

The evening of October 5, 2021, Grubhub's counsel sent an email to Defendants' counsel demanding a call the following morning, October 6, 2021. Dkt. 1, Ex. C. Without waiting for a response, Plaintiffs filed the Complaint now before this Court.

## II. ARGUMENT

### A. Standard of Review

Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing the pleader is entitled to relief." A complaint must contain sufficient factual allegations "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, "allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion." McReynolds v. Merrill Lynch & Co., Inc., 694 F.3d 873, 885 (7th Cir. 2012) (citing Iqbal, 556 U.S. at 678). Accordingly, "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory

statements, do not suffice." Iqbal, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations and citation omitted).

Under Rule 12(e), "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e). A Complaint must say enough to give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Dura Pharm. Inc. v. Broundo, 544 U.S. 336, 346 (2005).

Under Count Five, Plaintiffs seek a declaration from this Court that Defendants be barred by the "equitable doctrines of laches, estoppel and/or acquiescence" from challenging Plaintiffs' continued use of the Takeaway Home mark. Dkt. 1, ¶ 66. Those three doctrines are separate affirmative defenses, targeting different conduct, each with its own elements to prove. It is unclear which doctrines Plaintiffs are pleading, so each is dealt with separately below because Plaintiffs fail to plead sufficient factual allegations for any of them.

### B. Plaintiffs Fail to State a Claim for *Laches*

For *laches* to apply, Plaintiffs must show that (1) Defendants had knowledge of Plaintiffs' use of the Takeaway Home mark; (2) Defendants inexcusably delayed taking action with respect to Plaintiffs' use; and (3) Plaintiffs would be prejudiced by allowing Defendants to assert their rights at this time. Chattanooga Mfg., Inc. v. Nike, Inc., 301 F.3d 789, 792-93 (7th Cir. 2002). To determine whether trademark infringement and unfair competition claims are barred by *laches*, Illinois courts consider the three-year statute of limitations applicable to claims brought under the Illinois Consumer Fraud and Deceptive Business Practices Act. See id. at 793-

95; Autozone, Inc. v. Strick, No. 03 C 8152, 2010 WL 883850, at *7-8 (N.D. Ill. Mar. 8, 2010) (Illinois three-year statute in the Consumer Fraud and Deceptive Practices Act controls trademark infringement.). The Seventh Circuit has found delays of less than three years to be excusable. See, e.g., Piper Aircraft Corp. v. Wag-Aero, Inc., 741 F.2d 925, 933 (7th Cir. 1984) ("two years has rarely, if ever, been held to be a delay of sufficient length to establish *laches*" in a trademark case). As the Seventh Circuit has also recognized, attempts "to resolve a dispute without resorting to a court do not constitute unreasonable delay for determining the applicability of the doctrine of *laches*." Hot Wax, Inc. v. Turtle Wax, Inc., 191 F.3d 813, 823-24 (7th Cir. 1999) (internal quotation and citation omitted). Moreover, mere delay, without resulting injury to defendant, is not sufficient to prevent relief for infringement. AM General Corp. v. DaimlerChrysler Corp., 311 F.3d 796, 822 (7th Cir. 2002).

Plaintiffs allege that they "premiered its new branding" on July 29, 2021, then "launched its broader roll-out of the updated branding in mid-August 2021..." Dkt. 1, ¶ 28. The first demand letter was sent only 40 days after Plaintiffs' own alleged first use of the Takeaway Home mark (and clearly not "more than six weeks," as Plaintiffs allege). Even assuming perfect knowledge by Defendants, 40 days is clearly not a sufficient length of time to establish *laches*. See, e.g., Piper Aircraft, 741 F.2d at 933. Further, as Exhibits A, B and C of the Complaint show, the ensuing four-week period when the parties exchanged communications to try to resolve the dispute without the need for litigation does not qualify as unreasonable delay for *laches*. See Hot Wax, 191 F.3d at 823-24.

Plaintiffs also fail to adequately plead how they have been prejudiced by a maximum 40-day, and more likely 2-to-3-week, period in Defendants asserting their rights. Plaintiffs were also well aware of Defendants asserted trademarks, due to the refusal by the USPTO of

5

Takeaway's own trademark application for the Takeaway Home mark. Dkt. 1, ¶ 28 and Ex. A. Plaintiffs simply claim that they relied to their "detriment on Home Chef's unreasonable delay," without alleging how they were prejudiced. Such a threadbare claim of detrimental reliance without supporting allegations of any actual prejudice caused to Plaintiffs does not suffice to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiffs have failed to and cannot state a claim for *laches*.

### C. Plaintiffs Fail to State a Claim for Acquiescence

Acquiescence applies in a trademark infringement action when the trademark owner, by affirmative word or deed, conveys its implied consent to another's use of a mark. See Hyson USA, Inc. v. Hyson 2U, Ltd., 821 F.3d 935, 940 (7th Cir. 2016); TMT N. Am., Inc. v. Magic Touch GmbH, 124 F.3d 876, 885 (7th Cir. 1997). The Seventh Circuit applies a three-part test to determine whether Defendants acquiesced to Plaintiffs' use of the Takeaway Home mark. It requires Plaintiffs to show that (1) Defendants actively represented that they would not assert a right or claim against Plaintiffs; (2) Defendants' delay between the active representation and assertion of the right or claim was not excusable; and (3) Defendants' delay caused Plaintiffs undue prejudice. See Hyson USA, 821 F.3d at 941. Acquiescence requires "*intentional* abandonment" through an "affirmative word or deed." Id. at 940.

Plaintiffs do not allege any affirmative words or conduct that actively misled Plaintiffs to believe that Defendants consented to Plaintiffs' use of the Takeaway Home mark. In fact, Exhibits A and B of the Complaint show quite the opposite. While Plaintiffs allege that they relied to their detriment on Defendants' supposed "unreasonable delay" in asserting claims against them, delay alone is not sufficient to prove acquiescence. Dkt. 1, ¶ 64. Without an active representation that Defendants would not assert a claim against Plaintiffs, which Defendants

never gave, Plaintiffs fail to state a claim for acquiescence. See id.

Plaintiff have failed to and cannot state a claim for acquiescence.

### D. Plaintiffs Fail to State a Claim for Equitable Estoppel

To assert equitable estoppel, Plaintiffs must plead that (1) Defendants acted, (2) Plaintiffs reasonably relied on those acts, and (3) Plaintiffs thereby changed their position for the worse. Codest Eng'g v. Hyatt Int'l Corp., 954 F. Supp. 1224, 1231 (N.D. Ill. 1996). Estoppel only applies if Defendants were aware of Plaintiffs conduct but nonetheless took some action designed to encourage or mislead Plaintiffs. Ty, Inc. v. W. Highland Pub., Inc., No. 98 C 4091, 1998 WL 698922, at *11 (N.D. Ill. Oct. 5, 1998). Silence or inaction may constitute misleading conduct, but only when it is combined with "other facts respecting the relationship or communication between the parties to give rise to a necessary inference" that Defendants would not enforce their rights. R2 Med. Sys., Inc. v. Katecho, Inc., 931 F. Supp. 1397, 1416 (N.D. Ill. 1996) (citation omitted). The allegations must show that Plaintiffs had a relationship or communication with Defendants which would have "reasonably lulled" Plaintiffs into "a sense of security in investing in the infringing [trademark]." Id. There is none of that here.

First, Plaintiffs do not and cannot plead any specific act by Defendants on which Plaintiffs reasonably relied to their detriment. While Plaintiffs allege that they relied on Defendants "unreasonable delay" in asserting claims, which Defendants deny, silence or inaction alone is not enough to constitute misleading conduct. Plaintiffs have not alleged any "relationship or communication between the parties giving rise to a necessary inference" that Defendants would not enforce rights against them, such that Plaintiffs have failed to state a claim on this basis alone. Id. Plaintiffs did not and cannot make such an allegation.

Second, to the extent Plaintiffs claim that they relied detrimentally on Defendants not

7

suing for infringement, such reliance was not reasonable, because Defendants did nothing to indicate that they intended to authorize Plaintiffs' use of the Takeaway Home mark. To the contrary, as Exhibit B of the Complaint shows, Defendants promptly maintained their objections to Plaintiffs' use of the Takeaway Home mark after the September 22, 2021 call between the parties' counsel to discuss a potential resolution. See Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229 (7th Cir. 1991) (holding that estoppel was inapplicable where "[a]lthough [plaintiff] may not have sued [defendant] immediately after the policy change, [giving rise to the copyright action at issue] it certainly undertook no action that [defendant] reasonably could have misconstrued"). In a Declaratory Judgment Complaint, where Plaintiffs ask this Court to declare that they are not infringing, Plaintiffs ironically allege that they have detrimentally relied on Defendants not suing for infringement. Plaintiffs have failed to plead facts to establish an equitable estoppel defense on this element as well.

Third, Plaintiffs have continued to use the Takeaway Home mark unimpeded and have not alleged any facts as to how their position has changed for the worse after receiving Defendants' objections. As a result, Plaintiffs have also failed to plead facts to establish the third element. Plaintiffs have failed to and cannot state a claim for estoppel.

Even accepting Plaintiffs' allegations as true, Plaintiffs fail to plead facts sufficiently plausible to state claims for the affirmative defenses of *laches*, acquiescence and estoppel.

### E. In the Alternative, the Court Should Compel Plaintiffs to Provide a More Definite Statement of Count Five of the Complaint

As noted above, Plaintiffs seek under Count Five a declaration from the Court that Defendants be barred by the "equitable doctrines of laches, estoppel **and/or** acquiescence" from challenging Plaintiffs' continued use of the Takeaway Home mark (emphasis added). Dkt. 1, ¶ 66. Because the Complaint mixes together different defenses in the same paragraph, the

Complaint fails to meet the standard set forth in Rule 8(a)(2) by failing to give Defendants fair notice of what Plaintiffs' claims are and the grounds upon which they rest. Dura Pharm., 544 U.S. at 346. Therefore, should the Court not grant Defendants' Motion to Dismiss, Defendants should receive a clear statement of the allegations in Count Five before it must respond.

### III. CONCLUSION

Plaintiffs' Complaint does not, and cannot, allege plausible grounds to support their request to bar Defendants from enforcing Defendants' rights under the equitable doctrines of *laches*, estoppel, and acquiescence. Defendants therefore respectfully request that the Court dismiss Plaintiffs' Count Five and paragraphs (B) and (C) of Plaintiffs' Prayer for Relief.

In the alternative, Defendants respectfully request that the Court order Plaintiffs to provide a more definite statement for the cause(s) of action under Count Five of the Complaint.

Dated: November 3, 2021                                          Respectfully submitted,

*/s/ Shoba Pillay*
Shoba Pillay
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: (312) 923-2605
Facsimile: (312) 527-0484
spillay@jenner.com

***Attorney for Defendants***
***The Kroger Co.***
***Relish Labs LLC***

Of Counsel:
William P. Atkins (*pro hac vice application pending*)
william.atkins@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Boulevard, Suite 1400

McLean, VA 22102
Telephone: (703) 770-7900
Facsimile: (703) 770-7901

Sam E. Iverson (**pro hac vice application pending*)
sam.iverson@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
Four Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 983-1234
Facsimile: (415) 983-1200

***Attorneys for Defendants***
***The Kroger Co.***
***Relish Labs LLC***

## **CERTIFICATE OF SERVICE**

I certify that on November 3, 2021, a copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT** was filed electronically with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

                                                */s/ Shoba Pillay*
                                                Shoba Pillay