IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GRUBHUB INC. AND TAKEAWAY.COM CENTRAL CORE B.V., PLAINTIFFS, v. THE KROGER CO. AND RELISH LABS LLC, DEFENDANTS. | CASE NO.: 1:21-cv-05312 JUDGE CHARLES R. NORGLE MAGISTRATE JUDGE JEFFREY I. CUMMINGS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXPEDITED BRIEFING**

Grubhub Inc. and Takeaway.com Central Core B.V. (collectively, "Plaintiffs") respectfully ask the Court to deny The Kroger Co. and Relish Labs LLC's, d/b/a Home Chef, (collectively, "Defendants") Motion for Expedited Briefing on Their Motion for a Preliminary Injunction. This is a declaratory judgment action seeking a declaration from this Court that Grubhub's use of particular branding does not infringe Home Chef's alleged trademark rights and does not constitute unfair competition. Grubhub's branding at issue combines its longstanding, famous, and well-known GRUBHUB house mark with a house/cutlery logo, which its new parent company has used consistently for more than seven years throughout the world. *E.g.*, Dkt. 1 at 4-10.

Grubhub began using the combination mark at issue in July 2021. Dkt. 1 at ¶ 28. Defendants sent Grubhub a cease-and-desist letter nearly six-weeks later on September 7, 2021. Dkt. 1 at ¶ 36. After some back and forth (Dkt. 1 at ¶¶ 37-41), on October 6, Grubhub filed this declaratory judgment action to quiet its rights with respect to the mark. It wasn't until 28 days later, on November 3, when Defendants' Answer was due, that Defendants filed their Motion for a Preliminary Injunction along with the present request for expedited briefing. Defendants could

have filed their motion at any time, but instead waited until the last possible day and now seek to shorten Grubhub's time to respond to the motion to just 9 days, on an extremely factually intensive dispute.

Notwithstanding that they waited more than <u>three months</u> to file a motion for a preliminary injunction, Defendants now suggest that they are suffering "ongoing irreparable harm"—an allegation contradicted by their delay. Setting aside Defendants' gamesmanship regarding the briefing schedule, the parties must take discovery before the Court can properly assess the merits of the case and hold an evidentiary hearing. To date, neither party has taken any discovery on the critical question raised in this dispute—whether there is a likelihood of confusion between the marks at issue. Grubhub has not had any opportunity to examine Defendants' multiple witnesses that submitted extensive factual declarations with hundreds of pages of exhibits, for example. Accordingly, Grubhub intends to file a Motion for Expedited Discovery and to ask the Court to set a schedule for briefing and/or a hearing date on Defendants' Preliminary Injunction Motion upon the completion of expedited discovery.

Plaintiffs respectfully request that the Court deny Defendants' motion for an expedited briefing schedule, and further request that the Court hear argument on an appropriate schedule for the parties to take relevant discovery.

| | |
|---|---|
| Dated: November 5, 2021 | /s/ Stephen A. Swedlow |

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

Stephen A. Swedlow
Brianne M. Straka
Marc L. Kaplan
191 N. Wacker Dr., Ste 2700

Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 704-7401
stephenswedlow@quinnemanuel.com
briannestraka@quinnemanuel.com
marckaplan@quinnemanuel.com

**FLASTER GREENBERG P.C.**

/s/ Jordan A. LaVine
Jordan A. LaVine, Esquire (*pro hac vice* forthcoming)
Jeffrey A. Cohen, Esquire (*pro hac vice* forthcoming)
Eric Clendening, Esquire (*pro hac vice* forthcoming)
1835 Market St., Suite 1050
Philadelphia, PA 19103
Tel: (215) 279-9839
Fax: (215) 279-9394
jordan.lavine@flastergreenberg.com

*Attorneys for Grubhub Inc. and Takeaway.com Central Core B.V.*