**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GRUBHUB INC. AND TAKEAWAY.COM CENTRAL CORE B.V., <br><br> Plaintiffs, <br><br> v. <br><br> THE KROGER CO., and RELISH LABS LLC, <br><br> Defendants. | Case No.: 1:21-CV-05312 <br><br> **JURY TRIAL DEMANDED** |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Grubhub Inc. and Takeaway.com Central Core B.V. (collectively referred to herein as "Grubhub" unless specifically identified by their full names), by their attorneys Quinn Emanuel Urquhart & Sullivan, LLP and Flaster Greenberg. P.C., for their amended complaint against The Kroger Co. and Relish Labs, LLC d/b/a Home Chef (collectively referred to herein as "Home Chef"), allege upon personal knowledge with respect to themselves and their own acts, and upon information and belief as to all other matters, as follows:

### NATURE OF THE ACTION

1.      This is an action for a Declaratory Judgment under 28 U.S.C. § 2201. Grubhub seeks a declaration from this Court that its use of branding that combines Grubhub's long-standing, famous, and well-known **GRUBHUB** house mark combined with a house/cutlery logo that its new parent company has used consistently for ***more than seven years*** throughout the world: (1) does not infringe Home Chef's alleged trademark rights under 15 U.S.C. § 1114(1)(a); (2) does not constitute unfair competition or false designation of origin under 15 U.S.C. § 1125(a); (3) does not

constitute trademark dilution under 15 U.S.C. § 1125(c), and (4) does not constitute unfair competition under state law.

2.      Grubhub has made repeated attempts to resolve this dispute amicably and without having to resort to litigation, including as recently as on the date of the filing of this Complaint and on the preceding day, but Home Chef has both delayed in responding to Grubhub and shown an ambivalence toward Grubhub's attempts to discuss the dispute.

3.      The trademarks at issue are the following:



4.      There is no likelihood of confusion between the marks, notwithstanding Home Chef's allegations, demands, and baseless threats of litigation against Grubhub. This is particularly the case because Grubhub always uses its well-known and famous **GRUBHUB** house mark as part of its logo trademark. The law is very well-established that the use of a well-known and famous house mark like the **GRUBHUB** trademark precludes any confusion from arising between the respective marks in this matter. In addition, the logos themselves are ***extremely different***. Grubhub's logo is bright orange, while Home Chef's logo is green. Grubhub's logo includes a unique, cartoon-like house with a chimney, rounded-edges, and an overhanging roofline, whereas

Home Chef's logo includes a simple, straight-lined pentagon. In short, there could be no confusion between the two logos.

5.     Grubhub also seeks a declaration of equitable estoppel prohibiting the enforcement against Grubhub of any alleged trademark rights Home Chef claims it has in any mark incorporating a house logo or logos containing the depiction of a fork and knife, or any other kind of cutlery.

6.     Finally, Grubhub seeks its attorney fees, expenses, and costs incurred in this action, and any other relief the Court deems just and proper.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

**GRUBHUB'S BUSINESS AND BRANDING**

7.     **GRUBHUB** is among the most well-known brands in the United States. Founded in 2004, Grubhub is a leading global online food-ordering and delivery marketplace. With a significant share of the restaurant delivery market in the United States, Grubhub is dedicated to connecting its more than 33 million diners with the food they love from their favorite local restaurants, and elevating food ordering through innovative restaurant technology, easy-to-use platforms and an improved delivery experience. Grubhub features more than 300,000 restaurant partners in over 4,000 U.S. cities. Grubhub provided nearly $9 billion in gross food sales to local takeout restaurants in 2020, processes more than 745,000 daily restaurant orders, serves 33 million active diners, and sent more than $4 billion in total tips to drivers to date.

8.     In addition to its consumer-facing services, Grubhub provides a range of products and services for restaurants, drivers, and other businesses. In particular, Grubhub provides a suite of tools and services to restaurants aimed at growing their digital presence and increasing their business, including, among many others, the Grubhub for Restaurants restaurant portal and

Grubhub Direct. With these products, restaurants are able to obtain additional online exposure, manage and fulfill pickup and delivery orders, receive payment for orders, view order and transaction histories, obtain financial statements and other information, and access customized ordering websites along with loyalty and customer data. Grubhub's services encompass on-demand order management and dispatching; procurement and development of restaurant-dedicated products to manage promotions, order volume, and menus; onboarding delivery couriers, including background checks; compensating delivery couriers for their work; managing safety of delivery couriers; and providing dedicated customer service support for restaurants, couriers, consumers, and other businesses.

9. Among Grubhub's other brands is its well-known **SEAMLESS** brand, through which Grubhub offers services that are similar to those provided under the **GRUBHUB** brand. Formerly an independent company with a focus in the greater New York City area, Seamless merged with Grubhub in 2013.

10. Prior to July of 2021, Grubhub Inc. had long used the following logo format and color scheme for its **GRUBHUB** trademark:



11. Likewise, Grubhub had used the following format for its **SEAMLESS** trademark:



-4-

12. Through its subsidiary, Grubhub Holdings Inc., Grubhub owns numerous registrations for its **GRUBHUB** and **SEAMLESS** trademarks in the U.S. Patent and Trademark Office, and in numerous foreign trademark offices.

**JET'S BUSINESS AND LONGSTANDING BRANDING**

13. Similar to Grubhub Inc., Takeaway.com Central Core B.V. (based in Amsterdam, The Netherlands) ("JET") and its group companies (together, "JET Group") is a leading global online food ordering and delivery marketplace, connecting consumers and restaurants through its platform in 24 countries. Founded in 2000 and formerly known as Takeaway.com, Takeaway.com merged with United Kingdom-based food ordering and delivery platform Just Eat, in February 2020. JET Group provides its services throughout Europe, in Canada, South America, Australia, New Zealand, and Israel.

14. Since at least as early as June 2014, and following its filing of a trademark application for the mark in the Benelux Office for Intellectual Property (the combined trademark office of Belgium, The Netherlands, and Luxembourg) on March 10, 2014, JET has used the following **JET House Logo** in connection with its above-described business, and has displayed the mark prominently on its publicly available websites at www.takeaway.com, at the various country-specific websites through which it conducts business, through its various social media accounts, and with its business names more generally throughout the 24 countries in which it provides its services. The **JET House Logo** is the following:



15.   Rather than using the **JET House Logo** as a stand-alone trademark, JET Group operates under a single-brand identity in each country in which it operates. JET Group's single-brand identity is defined by JET combining the **JET House Logo** with a word mark that is relevant and specifically known in the particular country. JET Group's single-brand identity is efficient because JET is able concentrate its marketing efforts around a single brand. An illustration of how this single-brand identity takes shape across the world is shown below:



16.    JET owns at least eight International Trademark Registrations with the World Intellectual Property Office ("WIPO") for the **JET House logo** alone or for trademarks that include the logo (the first of which was registered on June 11, 2014), as shown above, in addition to owning trademark registrations in the following regions and countries, among many others: the European Community Trademark Office, the Benelux Office for Intellectual Property, the Austrian Patent Office, the German Patent and Trademark Office, the Patent Office of the Republic of Poland, the United Kingdom Intellectual Property Office, and the Swiss Federal Institute of Intellectual Property.

17.    Immediately prior to its use of the **JET House Logo**, JET Group had used the following logo since at least as early 2008, which included many of the same features as its current **JET House Logo**:



## JET'S ACQUISITION OF GRUBHUB AND SUBSEQUENT LOGO COMBINATION

18.    On June 15, 2021, JET Group completed its acquisition of Grubhub Inc. and began trading on the NASDAQ under the ticker GRUB. As set forth in a quote from JET's CEO and founder in a press release concerning the acquisition:

> I have always believed that the combination of Takeaway.com, Just Eat and Grubhub is a winning combination. The new company is the market leader in Europe, Canada and Australia, with very strong positions in the most important markets in the United States. It is humbling to run such a company after our start in Holland more than twenty years ago. We welcome Matt and his team to this great company"

19.    Following JET Group's acquisition of Grubhub Inc., as JET Group had done after it combined with United Kingdom-based Just Eat in 2020 – and consistent with its single-brand identity and strategy – Grubhub combined the unique but equally strong brand identities of JET and Grubhub Inc. into a single trademark for use in the United States – in the orange (or "citrus") color scheme long-associated with JET. In so doing, Grubhub created the following combined logo comprising JET's longstanding **JET House Logo** and Grubhub Inc.'s longstanding **GRUBHUB** and **SEAMLESS** trademarks, as shown below (with the combined marks referred to hereinafter as the **GRUBHUB Lock-up Logo**):





20.    Grubhub also announced, however, that following the combination of Grubhub Inc. and JET, Grubhub would be phasing out its use of any trademarks containing the **SEAMLESS** trademark as part of a "single brand strategy" for the United States.

21.    Notably, JET conceived of the **JET House Logo** now used with the **GRUBHUB Lock-up Logo** more than seven years ago, and JET had used the similar logo shown above for several years before that. Accordingly, JET's and Grubhub Inc.'s combination of their brands in the new **GRUBHUB Lock-up Logo** capitalized on the strong existing recognition of the **GRUBHUB** trademark in the United States, and the strong recognition of the **JET House Logo** that JET has used throughout the world since June 2014.

-8-

22. Also significantly, when Grubhub designed and adopted the **GRUBHUB Lock-up Logo**, it made no alterations to the **JET House Logo** aside from combining it with its own **GRUBHUB** mark, and Grubhub maintained the overall look and feel of the legacy **GRUBHUB** mark, *e.g.*, font, stylization, and capitalization, aside from changing the color scheme from red to orange.

23. Since Grubhub's conception of the new logo leading up to JET Group's acquisition of Grubhub Inc. in June 2021 and following the launch of the new logo, Grubhub has invested millions of dollars in the new brand, which has included its development of the **GRUBHUB Lock-up Logo** and the associated rebranding of its print and electronic materials, and the launch of its new branding. In the time that Grubhub has been using the **GRUBHUB Lock-up Logo**, Grubhub has publicized extensively the rebranding through the issuance of press releases and through featuring the branding in its outward marketing materials. As a result of these expenditures and its efforts, Grubhub has established enormous goodwill in the new branding and consumers have begun associating the new branding with Grubhub.

24. In the two months since Grubhub launched its new branding, Grubhub is not aware of ***anyone*** confusing the source or sponsorship of Grubhub's services with any other business, or believing that Grubhub has licensed any aspect of its **GRUBHUB Lock-Up Logo** from any other business.

25. Moreover, Grubhub is also not aware of ***any*** instance where it does not use its well-known, famous, and registered **GRUBHUB** or **SEAMLESS** house marks with the **JET House Logo** to form the **GRUBHUB Lock-Up Logo** – including with Grubhub's mobile applications, in which the **JET House Logo** appears directly above the **GRUBHUB** and **SEAMLESS** house marks to form the **GRUBHUB Lock-up Logo**, as shown below:



26. This is not the first time that Grubhub has used a logo containing depictions of cutlery. Like many online platforms and companies in the restaurant business, Grubhub Inc., its related businesses, and predecessors have often used such depictions due to their close association with eating and dining. Shown below are logos that Grubhub Inc. used and registered in the U.S. Patent and Trademark Office in the past (prior to JET's acquisition of Grubhub Inc.) and the corresponding date when Grubhub or its predecessors began using the respective marks in commerce:



First used in March 2015

First used in March 2013

First used in December 2006



First used in February 1997

27.     All of the foregoing illustrates beyond any question that Grubhub selected its new combined trademark in good faith, with the goal of making the most of its long-established rights in its **GRUBHUB** trademark and JET's strong global reputation in its **JET House Logo**, and also leveraging prior logos that Grubhub had used previously.

## **GRUBHUB'S LAUNCH OF THE GRUBHUB LOCK-UP LOGO**

28.     Grubhub premiered its new branding at a music festival in Chicago on July 29, 2021, which approximately 385,000 people attended. Grubhub launched its broader roll-out of the updated branding in mid-August 2021, when Grubhub updated its mobile application and other digital properties such as its websites at www.grubhub.com and www.seamless.com. As Grubhub announced publicly on July 29, 2021:

> Last month Grubhub joined with Just Eat Takeaway.com (JET) to become one of the world's largest online food delivery companies. When the deal closed, we shared that together we will continue to innovate and break new ground in our industry, as we each have separately for the past 20 years. It's in this spirit that we're making updates to Grubhub's branding in the coming months.
>
> Grubhub's branding will change from red to orange and incorporate the house icon seen across JET's portfolio, with our font remaining the same. This will align the look and feel of Grubhub with JET's global branding to create consistency and make the most of marketing efforts that increasingly cross borders, such as JET's sponsorship of the UEFA European Championship earlier this summer and Grubhub's recent sponsorship of the Concacaf Gold Cup.

29.    By way of example, following its transition to the **GRUBHUB Lock-up Logo**,

Grubhub's branding on its mobile application and website appear as follows:







**HOME CHEF'S ALLEGATIONS OF INFRINGEMENT AND DEMAND THAT
GRUBHUB CEASE USE OF THE GRUBHUB LOCK-UP LOGO AND HOME CHEF'S
REBUFF OF ANY MEANINGFUL SETTLEMENT DISCUSSIONS**

30.  Despite not taking ***any action*** for nearly two months after Grubhub launched its new branding, Home Chef suddenly came forward with spurious threats of trademark infringement made through its counsel's correspondence, and Home Chef's complete unwillingness to have any meaningful discussion about reaching an amicable resolution (as detailed further below).

31.  Because Home Chef's accusations are wholly without merit and constitute a threat to Grubhub's ongoing business, Grubhub seeks a declaration from the Court that the **GRUBHUB Lock-up Logo** does not infringe or otherwise violate Home Chef's alleged trademark rights in its own logo.

32.  As an initial matter, in distinct contrast to Grubhub's restaurant ordering and delivery platform and Grubhub's services provided to restaurants, Home Chef describes itself in the following manner at its website and in publicly available materials:

> Home Chef is a weekly subscription meal kit service. Customers receive orders with all the fresh ingredients you need to make restaurant quality recipes, designed by our chefs. We save you the time of finding new recipes, meal planning, and portioning. Additionally, we offer products in Kroger owned grocery stores across the county.

-13-

33.     As further described at its website, Home Chef customers pick their meals, including selecting recipes each week that fit their preference and dietary restrictions, use customizing features to upgrade, swap, or double up certain ingredients, and then accept delivery of their meals at their homes (through the mail as opposed to delivery persons) for self-preparation. As set forth on Home Chef 's website, Home Chef meals start at $8.99 ***per serving***, but Home Chef's "minimum weekly order value is $49.95."

34.     Notably, Home Chef does not provide customers with the option to select meals from restaurants or third parties – Home Chef only provides customers with the option of picking meals from Home Chef's own first-party food selections. Home Chef also does not provide any services to restaurants themselves.

35.     Like Grubhub, Home Chef almost always uses its **HOME CHEF** house mark in a prominent manner in its publicly facing materials – whether at its website or within its mobile application, as shown below:





36. Notwithstanding Grubhub's good faith selection and subsequent launch of its new **GRUBHUB Lock-up Logo**, its consistent use of its **GRUBHUB** mark in the new branding, and the distinct nature of Grubhub's business, Home Chef, through its counsel, sent an aggressively postured "cease and desist" letter dated September 7, 2021, to Grubhub's counsel alleging that Grubhub's **GRUBHUB Lock-up Logo "**infringes" Home Chef's trademark rights in the following logo:



(hereinafter the "**HOME CHEF Logo**").

37. In addition to waiting until nearly six weeks after Grubhub's public launch of the **GRUBHUB Lock-up Logo** to send the cease and desist letter and make its demands, Home Chef's

counsel misidentified Grubhub's trademark as the **JET House Logo** alone (essentially ignoring Grubhub's consistent use of the famous **GRUBHUB** trademark in the **GRUBHUB Lock-up Logo** in every single instance of use), defined the Grubhub's mark as the "Infringing Design" throughout the cease and desist letter, accused Grubhub of trademark infringement, and set forth the following demand: "Home Chef must insist that Grubhub immediately cease and permanently refrain from using the Infringing Design, and any confusingly similar marks, in the United States" and asked for written confirmation of Grubhub's "agreement to comply" by September 22, 2021. *See* **Exhibit A** hereto. Notwithstanding its allegations, Home Chef did not reference or allege that any actual confusion has arisen between the marks.

38.     To try and support Home Chef's allegations in its demand letter, Home Chef cited to and relied upon the U.S. Patent and Trademark Office's ***preliminary and partial*** refusal of JET's application to register the **JET House Logo** in the U.S. Patent and Trademark Office based upon Home Chef's existing registrations. Notably, however, JET filed the trademark application on July 1, ***2020*** – almost a ***full year*** before it acquired Grubhub Inc. and long before Grubhub adopted the single-brand approach for the U.S. market that resulted in Grubhub's adoption and launch of the **GRUBHUB Lock-Up Logo** in July 2021. Not surprisingly, because the mark identified in JET's July 2020 trademark filing did not align with the **GRUBHUB Lock-Up Logo** or the JET single-brand strategy, JET abandoned the trademark application, without prejudice, in July 2021. Finally, it is worth emphasizing that that the examining attorney at the U.S. Patent and Trademark Office affirmatively did ***not*** even refuse registration of the **JET House Logo** for the vast majority of products and services identified in the trademark application and limited the refusal to a specific range of services identified in the trademark application.

39.    Following its receipt of Home Chef's letter of September 7, 2021, counsel for Grubhub contacted counsel for Home Chef by email to invite a telephone discussion about the matter. Counsel for Grubhub and counsel for Home Chef spoke by telephone on Wednesday, September 22, 2021, during which counsel for Grubhub made clear to counsel for Home Chef that Grubhub always used its **GRUBHUB** house mark as part of the **GRUBHUB Lock-up Logo** (thus correcting one of the erroneous foundations of the September 7 demand letter) and made suggestions regarding how Grubhub might address Home Chef's concerns. Counsel for Grubhub concluded the call with an invitation to counsel for Home Chef to speak again early in the following week to explore whether such a resolution was acceptable to Home Chef, or whether some other resolution was possible.

40.    Rather than having a follow-up call with counsel for Grubhub or accept counsel for Grubhub's invitation to have any further discussions about a possible amicable resolution of the matter, counsel for Home Chef sent an e-mail to counsel for Grubhub on September 28, 2021, which re-stated the allegations made in the letter of September 7, 2021, and concluded as follows:

> For these and other reasons, Gruhub's proposal is not acceptable, and Home Chef must
>
> 
>
> insist that GrubHub cease and refrain from using the     design, and any confusingly similar marks, in the United States. Home Chef is also not interested in entering any coexistence agreement.
>
> Please send us written confirmation of your client's agreement to comply by close of business on **October 6, 2021**. If GrubHub cannot discontinue such use immediately, please explain any need for a phase-out period.
>
> This is without prejudice to the rights of Kroger and Home Chef, which are expressly reserved

*See* __Exhibit B__ hereto.

41.     In a further attempt to resolve the matter amicably and avoid litigation between the parties, Grubhub's counsel reached out by e-mail to counsel for Home Chef on the afternoon of October 5, 2021, to try and set up a telephone call for October 6, 2021, to discuss the matter. After receiving no response whatsoever from counsel for Home Chef, counsel for Grubhub sent counsel for Home Chef another email on the afternoon of October 6, in which counsel for Grubhub noted the lack of response, or even acknowledgement of the email sent on October 5. Counsel for Home Chef finally did then respond, but counsel for Home Chef stated as follows: "We confirm receipt of your emails. We need to speak with our client, so we were not prepared to have a call this morning, but we will get back to you soon to schedule a time for a call." *See* **Exhibit C** hereto. Given the ambiguity of counsel for Home Chef's email and the threat hanging over Grubhub's business as a result of Home Chef's outstanding demands, Grubhub had no choice but to proceed with this action seeking declaratory relief.

**<u>HOME CHEF'S ALLEGATIONS OF TRADEMARK INFRINGEMENT ARE UNFOUNDED, CONSTITUTE A THREAT TO GRUBHUB'S ONGOING BUSINESS, AND AN ACTUAL, PRESENT AND JUSTICIABLE CONTROVERSY HAS ARISEN BETWEEN GRUBHUB AND HOME CHEF</u>**

42.     Home Chef has asserted that Grubhub's use of the **GRUBHUB Lock-up Logo** infringes Home Chef's **HOME CHEF Logo**, has demanded that Grubhub cease use of the **GRUBHUB Lock-up Logo**, and threatened to bring a lawsuit against Grubhub on this basis. Home Chef has rebuffed any meaningful discussions with Grubhub aimed at trying to resolve the dispute without resorting to litigation.

43.     Notwithstanding the allegations of Home Chef, there is no possibility of confusion between the respective marks based upon the following, at least: (1) the fame of the distinguishing **GRUBHUB** house mark that is **<u>always</u>** used with the **JET House Logo** to form the new Grubhub branding comprised in the **GRUBHUB Lock-up Logo**, (2) Home Chef's own well-established

**HOME CHEF** house mark is almost always used with its different **HOME CHEF Logo**, (3) the obvious differences between the respective logo components themselves, including the different color schemes (green versus orange), the angular pentagonal shape of Home Chef's logo compared to Grubhub's more cartoonish house logo that displays a chimney, rounded edges, and an overhanging roof line, all of which is made most clear in the below comparison of the respective trademarks, (4) the co-existence of numerous other fork and knife and house logos in the field of dining, which undermines any alleged strength or "fame" of Home Chef's alleged **HOME CHEF Logo**, (5) the significant and fundamental differences between Grubhub's restaurant delivery and marketing business and Home Chef's meal kit business, including that Grubhub is primarily a marketplace and advertising service for restaurants (6) Home Chef's meal plans cost a minimum of nearly $50, so they are not likely to be purchased on impulse, which decreases the risk of consumer confusion (7) Grubhub's undeniable good faith in adopting its new branding, and (8) the absence of any instances of actual confusion between Grubhub's **GRUBHUB Lock-up Logo** and Home Chef's **HOME CHEF Logo**.

44.     Home Chef's threat of litigation against Grubhub has left a cloud hanging over Grubhub and its business following the extremely successful and exciting launch of its new branding. Rather than contact Grubhub immediately following the announcement of its new branding on July 29, 2021, Home Chef waited nearly *six weeks* before sending a demand letter to Grubhub. Grubhub, through its counsel, invited Home Chef to have conversations about a possible amicable resolution of this dispute, but Home Chef has only responded with an ultimatum that Grubhub must cease the use of its new branding and has set a deadline of October 6, 2021, for confirming its agreement to Home Chef's baseless and unreasonable demands.

## **THE PARTIES**

45.    Plaintiff Grubhub Inc. is a corporation organized and existing under the laws of the State of Delaware and is headquartered in this District at 111 W Washington St, Chicago, IL 60602.

46.    Plaintiff Takeaway.Com Central Core B.V is a corporation organized and existing under the laws of The Netherlands with a principal place of business at Oosterdoksstraat 80 1011DK, Amsterdam, The Netherlands.

47.    Upon information and belief, The Kroeger Co. is a corporation organized and existing under the laws of the State of Ohio with a principal place of business at 1014 Vine Street, Cincinnati, Ohio 45202-1100.

48.    Upon information and belief, Relish Labs, LLC d/b/a Home Chef is a Delaware limited liability company having a principal place and is headquartered in this District at 400 N. Michigan Ave., Suite 1400, Chicago Illinois 60611.

## JURISDICTION AND VENUE

49.    This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1331 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Personal jurisdiction over the Defendants is proper by virtue of their residing in, and transacting and doing business in, this District.

50.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because both Plaintiff Grubhub Inc. and Defendant Relish Labs, LLC d/b/a Home Chef reside and have their respective headquarters in this District and the Defendants regularly conduct business in this District under 28 U.S.C. § 1391(c).

## COUNT I
## DECLARATION OF NON-INFRINGEMENT UNDER THE LANHAM ACT

51.     A justiciable and actual controversy exists before this Court with respect to whether Grubhub's continued use of the **GRUBHUB Lock-up Logo** infringes any of Defendants' alleged rights under the Lanham Act, 15 U.S.C. § 1051 *et. seq*.

52.     For all the reasons set forth in the preceding paragraphs, Grubhub's continued use of **GRUBHUB Lock-up Logo** is not likely to cause confusion as to the source or sponsorship of Grubhub's restaurant delivery business and Home Chef's meal kit business.

53.     Grubhub's continued use of the **GRUBHUB Lock-up Logo** does not infringe any rights of Defendant under 15 U.S.C. § 1114(1)(a).

54.     Grubhub requests a declaration from the Court that its continued use of the **GRUBHUB Lock-up Logo** does not infringe any of Home Chef's alleged rights under 15 U.S.C. § 1114(1)(a).

## COUNT II
## DECLARATION OF NO FALSE DESIGNATION OF ORIGIN OR UNFAIR COMPETITION UNDER THE LANHAM ACT

55.     A justiciable and actual controversy exists before this Court with respect to whether Grubhub's continued use of the **GRUBHUB Lock-up Logo** infringes any of Home Chef's alleged rights under 15 U.S.C. § 1125(a).

56.     For all the reasons set forth in the preceding paragraphs, Grubhub's continued use of the **GRUBHUB Lock-up Logo** is not likely to cause confusion as to source of sponsorship and does not constitute a false designation of origin or unfair competition under 15 U.S.C. § 1125(a).

57.     Plaintiff requests a declaration from the Court that its continued use of the **GRUBHUB Lock-up Logo** does not constitute unfair competition and/or a false designation of origin under 15 U.S.C. § 1125(a).

## COUNT III
## DECLARATION OF NO DILUTION UNDER THE LANHAM ACT

58.     A justiciable and actual controversy exists before this Court with respect to whether Grubhub's continued use of the **GRUBHUB Lock-up Logo** constitutes dilution of any of Home Chef's alleged rights under 15 U.S.C. § 1125(c).

59.     For all the reasons set forth in the preceding paragraphs, there is nothing to support a claim that Home Chef's alleged house logo trademark is a "famous" trademark as defined in 15 U.S.C. § 1125(c), and Grubhub's continued use of the **GRUBHUB Lock-up Logo** is not likely to dilute the distinctive quality of any alleged trademark of Home Chef or dilute by tarnishment any alleged rights of Home Chef.

60.     Plaintiff requests a declaration from the Court that its continued use of the **GRUBHUB Lock-up Logo** does not constitute dilution under 15 U.S.C. § 1125(c).

## COUNT IV
## DECLARATION OF NO UNFAIR COMPETITION UNDER STATE COMMON LAW

61.     A justiciable and actual controversy exists before this Court with respect to whether Grubhub's continued use of the **GRUBHUB Lock-up Logo** constitutes unfair competition under state common law.

62.     Grubhub's continued use of the **GRUBHUB Lock-up Logo** is not likely to cause confusion as to the source or sponsorship of the products and services provided under the mark, and is not likely to violate any rights of Home Chef in its any of its alleged trademarks.

63.     Plaintiff requests a declaration from the Court that its continued use of the **GRUBHUB Lock-up Logo** does not violate Illinois state common law.

## PRAYER FOR RELIEF

WHEREFORE, Grubhub respectfully requests that the Court enter judgment on each count of this Complaint as follows:

A.      Declaring that Grubhub's continued use of the **GRUBHUB Lock-up Logo** and/or the **JET House Logo** combined with other accompanying and distinguishing wording does not:

> (1)      Constitute trademark infringement under 15 U.S.C. § 1114(1)(a);
>
> (2)      Constitute false designation of origin or unfair competition under 15 U.S.C. § 1125(a);
>
> (3)      Constitute dilution under 15 U.S.C. § 1125(c); or
>
> (4)      Constitute unfair competition under state common law.

B.      Permanently enjoining Home Chef and its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them in challenging Grubhub's use of the **GRUBHUB Lock-up Logo** and/or Grubhub's future use of the **JET House Logo** with other accompanying and distinguishing wording.

C.      Finding this case to be exceptional pursuant to 15 U.S.C. § 1117(a);

D.      Awarding Grubhub its attorneys' fees, expenses and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 28 U.S.C. §1920.

E.      Awarding to Grubhub such further relief as this Court deems just and proper.

### JURY DEMAND

Grubhub hereby demands a trial by jury for all issues that are so triable.

Dated: November 24, 2021                    */s/ Stephen A. Swedlow*

                                            **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

                                            Stephen A. Swedlow
                                            Brianne M. Straka
                                            Marc L. Kaplan

191 N. Wacker Dr., Ste 2700
Chicago, IL 60606
Tel: (312) 705-7400
Fax: (312) 704-7401
stephenswedlow@quinnemanuel.com
briannestraka@quinnemanuel.com
marckaplan@quinnemanuel.com

**FLASTER GREENBERG P.C.**

/s/ Jordan A. LaVine
Jordan A. LaVine, Esquire (*pro hac vice* admitted)
Eric Clendening, Esquire (*pro hac vice* admitted)
1835 Market St., Suite 1050
Philadelphia, PA 19103
Tel: (215) 279-9839
Fax: (215) 279-9394
jordan.lavine@flastergreenberg.com

*Attorneys for Grubhub Inc. and Takeaway.com*
*Central Core B.V.*